first time sitting with us in Boston and first time sitting live and in person, so welcome. Thank you. We're ready, Dan, to begin. Thank you. Today's cases will be called, as previously announced, and the times will be as allotted to counsel. The first case today is number 192188, United States v. Mitchell Daniels. At this time, would counsel for the appellant, Attorney Parson, please come to the podium and introduce yourself on the record to begin. Thank you. Good morning. My name is Inga Parsons. I'm court-appointed counsel for Mitchell Daniels. I would like, Your Honor, Judge Barron, I would like to reserve five minutes for rebuttal. Five minutes? Okay. Counsel, may it please the court, this is an interesting case because we have a trial on a firearms charge that involves 922N. At the time of the trial, the case of rehab had yet to be decided. However, even so, the trial attorney in the case asked the court, or objected to the court's installation of a firearm. The district court erred in advising the jury, first of all, that the charging document was an indictment. The charging document was a state complaint that was issued by a police officer. The federal law uses the term indictment. And in looking through what an indictment would be contemplated, we found that it was a state complaint. It's very clear that it requires prosecutorial action, certainly judicial, some sort of judicial officer. Counsel, what do you mean it was filed by a police officer? Police officers sought the complaint. Yes. It had to be approved by a court on the basis of probable cause, right? Right. But it was a complaint. It was an indictment. And that's what gets, that's what's troubling. After rehab, we are in a sense a new world of knowing your status, and how you know that status, and whether there's a reasonable doubt that you would have known your status. Can I just say, you're now switching to the instruction challenge rather than the sufficiency challenge? It circles back to this notion of the complaint, that it was a complaint by a police officer. But that's not, the knowledge question is not relevant to that question. The knowledge, the knowledge. In other words, either it is or is not an indictment, the document that was filed by the police officer, right? That's not our position, Your Honor. Our position is that the jury should have been advised. No, no. For the sufficiency challenge, it either is or is not an indictment. For the question as to whether the instruction was correct, then we get to the issue of knowledge. Whether he would have, whether there was a correct instruction with respect to knowledge. Or are you saying something different than that? I am. Thank you. Our position is that it is not clearly an indictment. That it is an open question under the law, and if you just read the party's papers, that seems to be, it seems to be unclear. It's, you can argue it both ways, we both have. On the other hand, we're talking about a criminal statute, and the notion that someone's going to have criminal behavior based on something that is that unclear, and that the jury should be able to make a determination of that. But that's not a sufficiency point, if a jury should be able to make a determination. Unless as a matter of law, a jury could not find on this record that he knew, then there's no sufficiency problem, just because it's unclear. But there may be an instructional problem. Yes, there definitely, obviously we are arguing there's an instructional problem. But our position is, is that, that it is not necessarily an indictment under, as the statute would require. And for sufficiency purposes, what follows from that lack of clarity is the point that a jury could not find, even if improperly, if properly instructed that it had to know, that he had to know, the defendant had to know that it was an indictment, even if properly instructed, it still could not find that he did know? So, I think that begs the question of whether what he knew was in fact his status. That's where there is a gap, a gap in the analysis and the status of the law. That it is not an indictment. That it's arguably not an indictment. It's just I'm not, we're not connected. I'm sorry. If there's a sufficiency problem, there's no need for us to address whether there was instructional error. Correct. Okay. So, let's assume there was a proper instruction and the jury was instructed he had to know his status. And to know his status, he had to know that what the police officer filed qualified as an indictment. Let's assume all of that is true. Okay. On this record, if a jury was properly instructed in that way, are you saying a juror could not, as a matter of law, found that he knew? But that begs the question. I understand it begs the question. I'm begging it. Okay. To get to this point. Could the defendant, could a juror at that point find in your view that he did know? I guess my concern is that if we're taking the position that it was, there was a proper instruction that assumes that that. I am assuming that. You're not waiving anything. Don't worry about it. I'm getting nervous here. Do you not? I just want to know, are you making a sufficiency challenge even in that score? Because if you are, we have to first address that. And if you're right about that, we don't get to the jury instruction. I can't tell from your papers whether you mean to be making that argument as well. Yes. Okay. Now if you could address the jury instruction. Jury instruction. Thank you. In this case, the district court advised the jury that, number one, that the documents that were signed by the police officer, the complaint constituted an indictment. That was error. But the judge also advised them that they did not have to find that it was more than a year in jail, which is, in fact, the statutory requirement. When the judge was instructing the jury on the knowledge element, the judge advised that the jury didn't have to make those findings, but also that, and this I think is really the crux of the issue, is that the court advised the jury that it is enough for the government to prove that the defendant knew that the charge had been made against him at the time that he allegedly received the firearm. So even if the judge is talking about an indictment during the course of it, he brings it back down to the charge, and then by actually instructing the jury that the documents are an indictment, in a sense the judge is essentially directing a verdict on the issue of the indictment. And that really is undermining the whole principle of the rehab issue, which is this notion of wanting to have and show a vicious will. And in my own view, as a defense attorney for many, many years, the notion that 922G, which is a felon in possession, it's even in some respects, in my view, even more as a practical matter to know that you cannot have a firearm while that status. And so what the judge did in this case, in terms of the jury instruction, is that it undermines that notion, but it also essentially directs the verdict for the prosecution in that case. And therefore, we ask that that be overturned. And I just understand, does that mean he had to know the label, that it was an indictment? In other words, where do you get that from under Rahoff? Well, I get that. Well, they have to know the status, and I'm not talking about ignorance. But the question is whether the status is the status of being a person who knows that they have been subject to a charge that has the characteristics of being an indictment, whether they know the federal government considers that to be an indictment. Our position is that they should have to know that they are under indictment as required by the federal statute. And that is not something that should be ambiguous, that you should know. I mean, that status should be clear, and it should be a status that should be known. And the jury, not the judge, should make that determination. Yeah, but now I'm just reading. So take a case in which the person is, in fact, indicted. And for whatever reason, all he knows is he was charged. But he never hears the word indictment. I think the jury should be able to consider that. And the judge shouldn't be in a position of directing the verdict. Which means they have to know the label indictment? They have to know that that is an indictment. Does he have to know? Do they have to be instructed that they have to know the word indictment? They have to know beyond a reasonable doubt that they were indicted. Counsel, this is focusing on the instructional issue that you raised. Are we in the realm of plain error here? We are. Are we not? Well, my point is you're insisting on the applicability of Rahif, and there had to be an instruction that reflected Rahif. My understanding is that there are significant differences between the statutory provision at issue in Rahif and this one. In Rahif, there was an issue of knowledge of status. Here the issue is knowledge of prohibited conduct. The statute at issue in Rahif involved the mens rea of knowingly. Here we're dealing with the mens rea of willfully. I mean, the government cites those as significant differences, I think, to make the point. But it's far from clear that Rahif does apply, as you argue. And if that's the case, how can the error be plain? Isn't that so? Well, the point is that we, I call it Rahif, should apply to 922N. If you look at how it sets up under its 924, I think, A1, that encompasses the willful aspect, that there is also a knowledge aspect as well. In fact, the government wants it sort of both ways. There's knowledge requirement in the willfulness, but we don't need to apply knowledge as a requirement for 922N. Are there any cases that you can point us to that have suggested that? Yes. The case that I cite is the Hawkins case. It's out of the Eastern District of Michigan, and we're still in sort of new territory on this in any event. But the court indicated that to demonstrate, and I'm quoting, the defendant's guilt under 922N, the government will have to prove beyond a reasonable doubt that, one, he received any firearm or ammunition which had been shipped or transported in interstate or foreign commerce, and, two, knew he was, quote, under indictment, unquote, at the time. And the court even went on to say the second element may in the end be impossible to prove, but at this juncture, the court cannot conclude that the government cannot satisfy that burden. The government is on notice, however, that it has this burden and must present evidence at trial if this case proceeds that far to prove defendant's required knowledge. And that's our position. Do I? That was just. I just wanted to say, what is your view of what the significance of the willfulness requirement here is? Does that help you, hurt you? Willfulness is the absence of mistake. It's an intent issue. And so knowledge is separate. The statutes treat them separately and differently. So the knowledge is you need to be able to know that what you're doing is going to be a crime, in a sense. The intent is the willfulness of it. I did it by accident. It may be the MasterCard situation where there is some overlap, but there is a difference, and the judge needs to treat it as different and did not, in a sense, on this. Just that it's the same. That's what the government's arguing. I think that's wrong. And that's our position. Is your position in that regard, there's no way you could intend to violate this statute without knowing that you had been indicted? Correct. Okay. Thank you, Counsel. At this time, would Attorney Eisenstadt please introduce herself on the record to begin? Good morning. May it please the Court, Karen Eisenstadt for the government. I'd like to briefly begin with the issue of whether, as a substantive matter, Massachusetts criminal complaints qualify under 922N as placing a defendant under indictment. Because if it doesn't, then, of course, we don't need to reach the instructional issues. The District Court was correct that that phrase, under indictment in 922N, should be read in the broad, general sense that was discussed by this Court in Quinones v. United States in 1947. That's what makes sense given what Congress was intending to do with this statute, and it also makes sense given the sheer variety of different state charging procedures and the terms that are used for them. This is confirmed by the plain text of the definitional statute enacted after Quinones, 921A14, which uses the verb includes rather than means as it's introducing the definition of what under indictment is. And as the Supreme Court has said, this word choice of using includes rather than means, which is what Congress actually used for almost all the other definitions in 921, so it's unusual that they use includes for the under indictment definition. This word choice is significant because it makes clear that the examples enumerated in the text are intended to be illustrative, not exhaustive. So, in other words, these are examples, the technical sense of an indictment, the technical sense of an information, but other things within the same general class would qualify, too. And as the government explained in its briefing, a Massachusetts criminal complaint is in the same general class as an indictment or an information. How do we know it is since it doesn't involve an attorney? So if you look at the Massachusetts Rules of Criminal Procedure, a Massachusetts criminal complaint issues only upon a finding of probable cause by an appropriate judicial officer. That's Rule 3G in the Massachusetts rules. And the complainant in this case was what's called a police prosecutor, and under Massachusetts rules, that is a type of prosecutor. It doesn't need to be an attorney. I think you just didn't quite answer my question. How do we know it's in the same class since it doesn't involve an attorney? You can't find that answer in Massachusetts law because the class is defined by the federal law, right? Correct. In the federal law, all the indications of all of our precedent is that it involves an attorney, correct? All the indications in the precedent is that an information involves an attorney. So that was Quinones. That was the Shook case. That's what I'm saying. How do we know the class includes non-attorneys? I think that's just a question of statutory interpretation in terms of what would fall within the same general class as the includes clause. That's what I'm saying. How do we know the answer to that from the available materials? And I guess implicit in that question is why doesn't Lenedy suggest that the answer to it, if there's a doubt, is that the class does not include somebody who is not an attorney? So, one, other courts that have considered this for other similar types of complaint procedures in other states have all uniformly come out on the side that they do qualify as under indictment because, again, Congress clearly signaled in its choice of the word includes, in the plain text of the statute, that the goal is not to be exclusive in terms of naming the technical sense of an indictment, a grand jury indictment, or the technical sense of an information, which would be an attorney. So this is within that class in terms of – I guess I ask because suppose a state had a complaint process in which a private person, not a police officer, could bring the complaint. Would that be in the same general class too? I think that would be a much closer question. Why? I think because, for example, here I think it's helpful that under Massachusetts rules, a police prosecutor is a type of prosecutor. What if they said a private party prosecutor? I think it still could qualify. It's not this case, but I think every case where courts have considered this, they do look at the specific state procedure. So the use of includes doesn't – I thought your point was that it's not all that consequential who can initiate a complaint. What is consequential is that there is a third party involved before it can issue, and that reliability is provided by the intervention of a judicial officer. I thought that was your primary point so that whether the initiation comes from an attorney, a police officer, and hence I guess the defense point is a private party, a police officer could have a vendetta of some kind, and we don't want that to happen. But the fact that you have to go before a judicial officer before it issues, before it has legal efficacy, that's what matters. I thought that was your point. I think that is the primary aspect of a Massachusetts criminal complaint. But that's not the logic we've ever relied on in any of our cases. I thought we relied on in our prior cases that it was being brought by a prosecuting attorney. Well, those are all cases determining the – I'm just saying I understand that in those cases an attorney was involved, so they didn't have to reach the question of whether a non-attorney. But the logic of the cases was not, it doesn't matter who was involved as long as there's a third party judicial officer blessing it. The logic was it falls within it because it was a prosecuting attorney. Well, I don't think that this particular issue has come before this court before. So other courts have looked at it in complaint situations. Information is generally – that term is labeled as generally applied to – But in dealing with the information, the reason that our court concluded in Quinones, right? I don't – that was the situation in Quinones. The logic in that case did not rely on the third party intervention of the court. Well, because in that case there was no – under the Puerto Rico information procedure, there is no court blessing that. It's just literally the signature of the attorney. That's what I'm saying. So we blessed it there, not on the logic that a third party intervention matters, but because of the nature of the party who was going forward with it. So explain to me what the significance of the third party here is. Well, I think it's just a different reason. So if you look at the definition, it includes an indictment or information, and it includes other things in that general class. And what the Massachusetts procedure does is sort of a hybrid between those. So it's coming from what's under Massachusetts rules considered a prosecutor, but it is not a prosecuting attorney in this case. It was a police prosecutor. But at the same time, sort of to compensate for that, there is this judicial process before which formal charges can issue. So I think the government's position is that, you know, on the facts of what the Massachusetts procedure is, it falls within the class because there's some attributes that are protective in the way a grand jury indictment would be, and there's attributes that are protective in the way an information would be. What is the judicial process that you say undergirds the complaint in Massachusetts, the filing of the complaint by the police prosecutor? The specifics of the – so under the rules, it's an appropriate judicial officer. My understanding is there's a position sometimes it's called like a clerk magistrate, and it's a type of judicial officer. And they need to – under the rules it says they need to review, you know, what's filed by the complainant and make a finding that, you know, it states probable cause. And at that point, the complaint will issue. And, you know, if they want process to make an arrest, that will issue as well. So it's that type of review. I don't have specifics based on the rules in Massachusetts as to what exactly the review entails. But there is a process of review. The court has no further questions on that. Just one before you get to the instruction. If it was unclear but we concluded that it does fall within it, how does that affect any sufficiency challenge? So in terms of just whether he was under indictment, I don't think it has any effect on a sufficiency challenge. It might have an effect, you know, on his sort of rahif mens rea issue. For sufficiency, yes. Right, for sufficiency. So I can move on to that issue. I was discussing only sort of the legal question of whether – the statutory interpretation question separately. But moving to the rahif issue. So he's made arguments under rahif as to two types of knowledge. One was the knowledge that the offenses charged in those Massachusetts complaints were punishable by more than one year imprisonment, and separately knowledge that those complaints qualified as an indictment, you know, for purposes of rendering him a prohibited person. So the government's view is that rahif doesn't apply to 922N because 922N already addresses the concern that animated the court's decision in rahif about not punishing those without a guilty state of mind. 922N does that through the willfulness requirement, under which the government needs to show the defendant's awareness that what he was doing was unlawful, which is a higher requirement and generally considered a higher requirement than knowledge. And the court and the Supreme Court have interpreted that requirement and the district court has followed all of that case law and he hasn't challenged the willfulness instruction, the sufficiency of the evidence as to his willfulness. And so the analysis could end there in terms of his rahif challenges. Is there any way he could be willful without knowing he was indicted? I think under the facts of this case, no. There is no way, and that's – But doesn't that mean that the willfulness just subsumes, even on your account, subsumes the knowledge that he's claiming needs to be known? So I think to be clear, the government's view is that willfulness doesn't categorically subsume knowledge. They are somewhat different. And I think what this court said, for example, in the minor opinion that's been withdrawn is going to be reheard en banc, that often willfulness is predicated on knowledge of the predicate facts because that's why you think what you're doing is unlawful because you know you have the certain status, you know there's a prohibition as to that status, hence you are aware what you're doing is unlawful. So in that sense, willfully, in most cases, will subsume knowledge. And that's what the government proved here and the jury found beyond a reasonable doubt, which is why his rahif claims don't really make any sense because it was already found. But how could they have proved that without him knowing he was indicted? Pardon? How could they have proved the willfulness element without him knowing he was indicted? The government didn't. The government proved the willfulness element through proving he did know he was indicted. So there wasn't an—his challenge in terms of the instructional claims, so in terms of sufficiency, I don't think it's even a close question because the evidence of willfulness here was all premised on him being indicted in the state court, receiving those complaints, and then changing his behavior in a way that showed he understood that he had been indicted and that that made him a prohibited person who could no longer legally buy firearms. So are you saying that the jury had to be instructed that he knew that or not? No. The jury was instructed on willfulness. I think that's sufficient. This is more along the line— What exactly did the court—what exactly was the court's instruction on willfulness? What was the actual language used? It was consistent with what the Supreme Court—how the Supreme Court articulated in the Bryan case, which was also on the 924 willfulness, the same provision. A person acts willfully if he acts with the intent or bad purpose to disobey or disregard the law. The defendant need not be aware of the specific law or federal statute that his conduct might be violating, but he must act with the intent to do something that the law forbids. And your position would be, I guess in terms of sufficiency, under that instruction that his—I mean, his behavior speaks a recognition of what he's— that he's not supposed to be doing what he's doing because he's consistently trying to cover his tracks in every way imaginable, right? I mean, that's— That is absolutely correct. That's what's going on throughout the case. Except that the instruction also says that the jury only needs to find that he was charged, not that he was indicted, right? No. Actually, so that's—I think what the court instructed as to knowledge was that he needed to know he was under state indictment was the term the court used, and it didn't clarify as to whether that means knowing that the charges existed versus knowing that they were, quote, an indictment. And then the court said—the only thing the court said they didn't need to find specifically was you don't need to find that he knew the offenses were punishable by more than one year's imprisonment. And as to that second piece of knowledge, the one-year aspect, that is on plain error view because he didn't object to that or ask for an instruction that would make that finding— in the instruction is a requirement that he knew that he was under state indictment? Correct. That was the phrasing used, that you do need to find he knew he was under, quote, state indictment. So his argument here is, well, that's not enough because I also needed to know under Rahaev that not just that I was under state indictment, but that it counted as a, quote, indictment for purposes of the federal firearms statute. And what's your view? Can you be willfully—can you satisfy the willful element if you didn't know that? I think under the circumstances of this case, no, because that's the only reason he would have thought that his actions fell within the prohibition. So if you look at what he did here, the evidence of willfulness was all predicated on the issuance of those complaints. I'm just not understanding. If a judge gives a willfulness instruction and also instructs that you don't need to know the thing that would satisfy willfulness, that would be a problem, right? Right, and I think the judge— So then the question here is when the judge also instructed you only need to know state indictment, did that undermine the willfulness instruction? I think the answer is no. I think at most it's ambiguous at that point. He needs to know obviously the charges exist, that's for sure, but it doesn't say one way or the other. So I agree the judge explicitly said you don't need to find that he knew the charges were punishable by more than one year, but he didn't make a comparable statement. You quote that instruction. It requires a jury to find that the defendant knew he was violating the law and knowing that he persisted in the conduct that violates the law. Correct. And in that sense, he's being willfully—he's willfully disregarding the law, but the instruction goes on to say he does not have to know the specifics of the law. Isn't that what the instruction specifically said? He doesn't—he need not be aware of the specific law or federal statute, and that comes from the Bryan case, which is about the licensing. You don't actually need to know, oh, it's 922N, this is what it says. Like that level of detail is not required, and that's generally part of a willful instruction. So just so I get the government's vision, is the reference to state indictment, in your view, close enough to being a reference to indictment in the federal statute that he loses on plain error, or is the argument that even if the instruction, we understand it to say, and you don't need to know he was indicted under the federal statute, you just need to know he got a complaint under Massachusetts law, that would be enough? So I think it's the latter. So the government's position isn't that state indictment necessarily— the way the court phrased it necessarily would give the jury—convey to the jury, you need to find he understood that the indictment qualified legally as a— because it doesn't go that far. I don't think it states that they don't need to— It's equivalent, in your view, if the instruction said, you only need to know that he was subject to a complaint. Right, or that he knew there were charges pending. Then I'm just not grasping how the willfulness can be satisfied here, because the instruction—unless we determine that under this statute it's permissible to find willfulness without knowing you were indicted, how can the two instructions work together without undermining each other? So I think willfulness—generally the way that people know that what they're doing is unlawful is because they understand the facts that make it so, and they also have some general understanding that there's a law about it. And that's exactly the type of case this is. But when the judge also instructs you, but you don't need to know that, how can you then be willful? I don't think the court said you don't need to know that. If the court said you only need to know you had a complaint against you, then that just begs the question of, under this statute, did you need to know you were indicted? Right, but I think the difference is the court didn't say that. He said he needs to know he's under state indictment. That's what the court said. So I think we're in a place where that could be read—that's potentially ambiguous. Does he need to know this extra thing about how to interpret the statute, essentially? And I think where we're in that place of ambiguity, then we're looking at the rest of the instructions, and the government's also arguing that on the facts of this case, in finding willfulness, the jury necessarily found that he knew because the willfulness evidence was that before the complaints issued, he bought guns in his own name at these same stores, and then he was dealing the guns illegally. And then the Massachusetts complaints came out, and then he completely changed his behavior. He recruits a straw purchaser to go to the same stores and fill out the paperwork for him. When that straw purchaser pulls out and says, I don't want to buy for you anymore, he's talking to his friend Ashley Turner across the street from the gun shop that he used to go into himself to make the purchase. Will you please go in? I'll pay you. Make the purchase for me. When she says no, do you have any friends that would be willing to do it? This is clearly indicative of someone who understands that he used to be allowed to make purchases legally, and now he can't anymore. And the only thing that had happened were these complaints. If I could, to circle back to what Judge Barron was asking, in the jury instructions, and I'm looking at page 7-67-7, the court does say to the jury being under indictment means these things, and then the Massachusetts criminal complaints qualify as indictments under the statutory definition, right? Correct. The jury was sort of told that those elements were found here. The jury was told that a Massachusetts criminal complaint, so that was the first issue that I was talking about, which is whether, just as a matter of law, Massachusetts complaints are indictments, because that's the only thing that came, that was the only thing that had happened charge-wise for Mr. Daniels. But that's not a statement, as the government reads it, at all about mens rea. At that point, he's simply saying that Massachusetts complaints are indictments under the law, but nothing about knowledge. Does Massachusetts make it illegal to have a firearm if you're under a complaint? I don't know if under Massachusetts law there's such a rule, but Massachusetts law. The reason I ask is because the backtracking evidence wouldn't be as powerful as an indication that he knew he was in violation of the federal statute if he would have been in violation of the state law. Well, right. So I think the defense did make that point in their reply brief, and I think the answer to that is none of those things actually make sense in terms of what he did. So these gun purchases that are happening with the straw are happening in Pennsylvania. He's not in Massachusetts. There's no reason he can't go into a Pennsylvania store and buy a gun under his own name. They don't know he's going to take it to Massachusetts. I mean, it's a completely separate issue. This is showing that he understands that he can't receive the firearm in Pennsylvania. Anything further from me? Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record to begin? You have a five-minute rebuttal. Thank you. The willfulness requirement was undermined by the judge's instructions on just a general charge. I think that's really the problem, that issue of him. The descriptions of what constituted an indictment were undermined by the fact that the jury was actually told that that was in fact an indictment and that all they had to find that he was quote-unquote charged. And that's what undermines the instruction. So when you're looking at whether or not you can commit the crime willfully and still meet that, it's problematic because the instruction itself is already infected by the error of the court with respect to just knowing that you're under a charge. When you say charge, do you mean state indictment or are you not agreeing? That's what the judge said, just that he was under the charge. That was the quote from the court. And it was previously I think discussed as a state indictment, which is problematic with respect to knowing that you have the federal status. I think that's what it comes down to. Whether he would have known that he was under federal indictment, and I think that the jury certainly should have been charged correctly and that there's insufficient evidence of that as well. I just wanted to say briefly about the form 4473 is also, it harkens back to this notion of what we think constitutes an indictment under federal law because that form itself states that an information, and it's not even talking about an indictment, but it says information to the extent that those can be used, is a formal accusation of a crime verified by a prosecutor. So that is different. And again, the issue of lenity is important because we're talking about criminalizing behavior and very serious consequences that come about because of that, and it should go in favor of the defendant. I would also just wanted to say briefly with respect to a couple of the other issues, which is that the informed consent issue is, I want to make a clarification with respect to that because one of the issues that comes up is sort of this inevitability, not just inevitability discovery, but the notion of whether the informed consent to give the pass code had an impact. Because what happened, and I'm not sure this is clear in the papers, and I take responsibility for that, but when they did, and that's from the proffer as well, that the proffer, which led to the Broby name, that really what happened is that the phone was used with Broby to obtain other information, and that derivative came from being able to get into the phone. So the phone was sort of essential on that, and I think that's important. I'm not sure that was clear in the paperwork. And so it's important that that's understood, and that the inevitable discovery, even though it may be our burden on that, I think that the reconsideration certainly should have been granted on that with respect to information that was important and necessary for that decision. And the other thing, I wanted to just talk a little bit about this conflict of interest, because I feel from the government's perspective is that they underestimate how much of a conflict that is, and it might be because they're prosecutors. As a defense attorney, the notion that I am under suspicion, investigation, and possibly indictment or charging on issues that involve my client's case is a conflict that is such a red flag that the fact that the judge did not hold a hearing on that case, to me, was stunning. Counsel, if you explain to me, I cannot divine from the brief, the nature of the conflict. We're talking about Attorney Schneider's conflict, is that correct? Explain that to me, what's the nature of the conflict? It's Attorney... Spencer. Spencer, I'm sorry, not Schneider, Spencer. There's a lot of players in this. I'm sorry. The reason is, the issue is, is that if I am against the government, I am representing my client, and I am under investigation, I have an incentive to not help my client, but to help the government, because I may be able to use that position in negotiating my own legal situation, and it may not be overt. So was Attorney Spencer under investigation at the time that he represented your client in dealing with the suppression issues? Yes, that's my understanding of the timeline on that. And under investigation for what? That he had contacted witnesses. It would have been a witness tampering charge. And so even if it's not overt, like I will, you know, quid pro quo, the fact that you are under that should at least at a minimum, and I think the law is clear on that, the judge should have held a hearing on that issue and determined that. And the concern I have is that when you look at those motions for reconsideration, when Demese came on the case, so many things were not done well or at all, and those omissions to me show that there was a conflict. But at a minimum, there should have been a hearing and that the judge erred in not doing that. And I can't imagine why he wouldn't, because it seems like it would have been an easy way to handle the situation and at least get the full facts and perhaps get new counsel. So I just wanted to underscore that. Thank you. Thank you. That concludes argument in this case.